**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **RUFUS DANIEL** | * | **CIVIL ACTION NO. 05-0963** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Based on the following reasons, the undersigned recommends that this action be **DISMISSED**.

**Procedural Background**

Rufus Daniel, born September 25, 1950, filed his first application for disability insurance benefits on June 1, 1989, which was denied initially and on reconsideration. (Tr. 89-91). No further action was taken.[1]

On February 28, 1994, claimant filed applications for disability insurance benefits and supplemental security income payments, which were denied at all administrative levels. (Tr. 118-124). On judicial review, the Commissioner filed for voluntary remand, which was granted by this Court under Docket No. 97-1754 on

---

[1]Claimant also filed an application for disability benefits in October, 1991, which was denied. The ALJ issued an unfavorable decision on that application on April 24, 1003.

July 8, 1998. (Tr. 503). On remand, the Commissioner held a hearing to take vocational expert testimony. (Tr. 442-502).

On October 24, 2000, Administrative Law Judge ("ALJ") Patrick Augustine issued an unfavorable decision. (Tr. 423-439). The Appeals Council denied review. (Tr. 416-17). Claimant sought judicial review of the denial of these applications, which was brought in this Court under Docket No. 01-0942.

Pending the petition for judicial review on ALJ Augustine's decision, claimant filed the current application for supplemental security income payments on January 30, 2001, asserting that he became disabled on August 1, 1997, due to back and leg injuries, asthma, and bad nerves.[2] (Tr. 831-33). After denial initially and on reconsideration, claimant requested a hearing before an ALJ, which was held on July 18, 2002. (Tr. 767, 1105-57). Post-hearing, ALJ Kathleen Molinar issued an unfavorable decision on November 19, 2002 (Tr. 753-61), for which claimant requested review by the Appeals Council. (Tr. 798-804). On February 28, 2003, the Appeals Council remanded this case back to the ALJ. (Tr. 805-808).

Meanwhile, the Commissioner filed a voluntary remand in Docket No. 01-0942, which the Court granted on March 4, 2002. The Appeals Council remanded

---

[2]Claimant also filed an application for disability insurance benefits in February, 1998, which was denied at the initial level and was considered moot, as the February, 1994, application had been remanded.

the case to the hearing level on November 7, 2002. The applications dated February 28, 1994, along with the current application dated January 31, 2001, were consolidated for hearing on August 28, 2003, before ALJ Lawrence T. Ragona.

After ALJ Ragona issued an unfavorable decision on July 23, 2004 (Tr. 723-746), claimant filed for review by the Appeals Council. The Appeals Council declined review on the grounds that claimant had not filed his exceptions within 30 days of the date of the decision. (Tr. 716-724). Claimant sought judicial review of the final administrative decision.

**Legal Analysis**

The issue in this case is whether the Court has jurisdiction over an action in which the Appeals Council dismissed a claimant's request for review as untimely. (Tr. 713-724).

Here, ALJ Lawrence T. Ragona issued an unfavorable decision on July 23, 2004. (Tr. 725-746). By letter dated September 14, 2004, claimant filed his request for review by the Appeals Council. (Tr. 720-22). On March 11, 2005, P.J. Herbst, Supervisory Hearing and Appeals Analyst for the Office of Hearings and Appeals, notified claimant that the Appeals Council had declined his request for review on the grounds that claimant had not filed his exceptions within 30 days from the date of receipt of the ALJ's decision. (Tr. 716-18). Mr. Herbst informed claimant that he

had to submit proof within 20 days that he had sent the exceptions on time. (Tr. 716).

On March 31, 2005, claimant's counsel, Jo Ann Nixon, informed Mr. Herbst that she had requested an extension by letter dated September 1, 2004, to submit the request for review. (Tr. 718-19). By letter dated April 30, 2005, Nathan K. Kobin, Administrative Appeals Judge, notified Ms. Nixon that the letter requesting an extension of time to file exceptions was dated beyond the 30-day limit and that, in any event, the Council had no record of having received any letters from her until it received the request for review form and disability report with the postmarked date of September 14, 2004. (Tr. 713-15). Accordingly, the Appeals Council dismissed her request for review as untimely. On May 27, 2005, claimant filed his petition for judicial review with this Court.

The Social Security regulations provide for district court review only when the Appeals Council has reviewed or denied a request for review. *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987). However, "if the Appeals Council *dismisses* the request for it to review for untimeliness, such 'dismissal ... is binding and not subject to further review.'" (emphasis in original). *Id.* (citing 20 C.F.R. § 416.1472).

Claimant argues that assuming that the Appeals Council is correct in the calculation of the time and his failure to ask for the extension, these issues should not bar any argument on the merits of his claim on appeal. (rec. doc. 11, p. 6). He cites

4

*Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2003), in support of his argument that the failure to raise an issue before the Appeals Council does not constitute a waiver of issues before the court. However, *Sims* is distinguishable. There, the Supreme Court held that a social security claimant *who had exhausted administrative remedies* was not required to also exhaust *issues* in a request for review by the Appeals Council in order to raise them on judicial review. (emphasis added). That is not the case here, because claimant did not exhaust administrative remedies.

    The last requirement in order to have exhaustion of remedies under the Social Security regulations is a timely appeal to the Appeals Council. *Harper*, 813 F.2d at 743. In this case, claimant did not a submit his request for an extension or his request for review to the Appeals Council until after the deadline had expired. Thus, the Appeals Council denied the request for review as untimely. (Tr. 713-15). This dismissal is not subject to review, because there was no "final decision" by the Appeals Council. *Harper*, 813 F.2d at 743 (citing 20 CF.R. §§ 416.1472, 416.1400(a)(4) & (5)); *Brandyburg v. Sullivan*, 959 F.2d 555, 560 n. 6 (5th Cir. 1992). Since claimant never had the Appeals Council review the decision of the ALJ, he did not exhaust administrative remedies. Therefore, this court cannot exercise judicial review of this case.

Based on the foregoing, it is my recommendation that the Commissioner's decision be **AFFIRMED** and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Lafayette, Louisiana, October 3, 2006.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE